[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15027
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cr-00112-CG-B-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JARVIS MAURICE WILLIAMS,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(April 18, 2017)


Before MARTIN, ANDERSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

Jarvis Williams appeals his convictions for carjacking, in violation of 18 U.S.C. § 2119, and for discharging a firearm in relation to a carjacking, in violation of 18 U.S.C. § 924(c)(1)(A)(iii).  No reversible error has been shown; we affirm.

On appeal, Williams argues that the district court erred by allowing testimony on, and admitting into evidence, victim Terrence Ball's out-of-court identification of Williams.  Williams contends the out-of-court identification procedure was impermissibly suggestive because Williams was the only person to appear in each of two separate photographic spreads presented to Ball.  Williams also contends that the unduly suggestive out-of-court identification procedure tainted Ball's later in-court identification of Williams during trial.

When reviewing a denial of a motion to suppress, we review findings of fact for clear error and the application of the law to those facts de novo.  United States v. Ramirez, 476 F.3d 1231, 1235 (11th Cir. 2007).  When -- as in this case -- a defendant is convicted based on a witness's in-court identification during trial following a pretrial identification by photographic line-up, we will set aside that conviction only if the pretrial identification procedure "was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification."  United States v. Elliot, 732 F.3d 1307, 1309 (11th Cir. 2013).

2

In assessing the constitutionality of a district court's decision to admit an out-of-court identification, we apply a two-step process. United States v. Diaz, 248 F.3d 1065, 1102 (11th Cir. 2001). We first examine whether the identification procedure was unduly suggestive. Id. A pretrial identification procedure is impermissibly suggestive "when the police have arranged suggestive circumstances leading the witness to identify a particular person as the perpetrator of the crime." Elliot, 732 F.3d at 1309-10. Where no improper police conduct exists, exclusion of the out-of-court identification is unnecessary. Id. at 1310.

If we conclude, however, that the identification procedure was unduly suggestive, we then consider whether -- given the totality of the circumstances -- the identification was reliable nonetheless. Diaz, 248 F.3d at 1102. Under this second step, we consider five factors in determining the reliability of a witness's identification: opportunity to view, degree of attention, accuracy of the description, level of certainty, and length of time between the crime and the identification. Neil v. Biggers, 93 S. Ct. 375, 382 (1972).

The district court was errorless in determining that the photographic identification procedure was not impermissibly suggestive. Each of the photographic spreads contained a photograph of Williams along with photographs of five other men of the same race and with similar physical features and hairstyles as Williams. Nothing evidences that the officers made suggestive comments to

3

Ball indicating which photograph he should select or otherwise pressured Ball to make an identification.

That Williams was the only person who appeared in both photographic spreads did not render the identification procedure unduly suggestive. First, we reject that the inclusion of Williams' picture in two separate photographic spreads was inherently unconstitutionally suggestive. Although we have no binding precedent on this issue, the three circuit courts that have reached this question have concluded that the inclusion of a suspect's photograph in two separate photographic arrays does not render automatically the identification procedure unduly suggestive. See United States v. Concepcion, 983 F.2d 369, 379 (2d Cir. 1992); United States v. Donaldson, 978 F.2d 381, 386-87 (7th Cir. 1992) (concluding the identification procedure was not unduly suggestive particularly because the two photographic arrays included photos of the suspect that were taken more than three years apart and that bore little resemblance to each other); United States v. Maguire, 918 F.2d 254, 263 (1st Cir. 1990) ("A suspect's inclusion in two photospreads, even with the same photo, is not constitutionally impermissible."). These decisions are persuasive to us.

Moreover, in this case -- similar to the Seventh Circuit's decision in Donaldson -- the photographic spreads included different photographs of Williams, depicting Williams in different lighting and with different hairstyles. During the

4

first spread -- which included a photograph taken two years before the carjacking and in which Williams had short hair -- Ball identified tentatively Williams. The second spread, meanwhile, included a photograph of Williams with longer dreadlocks taken only days after the carjacking. Based on this photograph -- which more accurately represented Williams as he would have appeared at the time of the carjacking -- Ball identified positively Williams as one of the carjackers. Because the two photographs of Williams bear little resemblance to each other, we conclude it is highly unlikely that Ball selected Williams's photograph in the second spread based on his memory of the photo from the first spread.

Because each of the photographic spreads was, in and of itself, not unduly suggestive and because Williams's appearance in each of the photos was quite different, we cannot say that the photographic identification procedure was unduly suggestive. We also reject Williams's argument that the police should have conducted an in-person line-up instead of using a second photographic spread. See United States v. Kimbrough, 481 F.2d 421, 424-25 (5th Cir. 1973) (in determining whether a photographic spread was impermissibly suggestive, we look only at the spread itself: "whether other more desirable methods of identification (e.g. a line-up) were available" is not pertinent).

Because we conclude that the pretrial photographic identification procedure was not unduly suggestive, we have no need to proceed to the second part of our

inquiry to determine the reliability of Ball's pretrial identification based on the factors identified in Biggers.  See Diaz, 248 F.3d at 1102.  We conclude that Ball's later in-court identification was not improperly affected by the pretrial identification procedure.

The district court committed no error in allowing testimony on -- and admitting into evidence -- Ball's out-of-court and in-court identifications of Williams.

AFFIRMED.